IN THE UTAH COURT OF APPEALS

----ooOoo----

State of Utah,                          )        PER CURIAM DECISION
                                        )
        Plaintiff and Appellee,         )        Case No. 20110623-CA
                                        )
v.                                      )
                                        )          F I L E D
                                        )        (December 13, 2012)
Troy Lee Ashmore,                       )
                                        )        ┌─────────────────┐
        Defendant and Appellant.        )        │  2012 UT App 354 │
                                                 └─────────────────┘

-----

Third District, West Jordan Department,101402661
The Honorable Charlene Barlow

Attorneys:    Debra M. Nelson, Salt Lake City, for Appellant
              Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee

-----

Before Judges Thorne, McHugh, and Roth.

¶1      Troy Lee Ashmore appeals his sentence after pleading guilty to forcible sexual abuse. Ashmore argues that the district court abused its discretion in sentencing him to one to fifteen years in the Utah State Prison.

¶2      We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors, or if the sentence imposed is clearly excessive." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (alteration in original) (citation and internal quotation marks

omitted). Finally, a "defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991).

¶3 Ashmore asserts that the district court abused its discretion in sentencing him to prison because the presentence investigation report, as well as a report prepared by Utah Sentencing Alternatives, both recommended three years of probation with one year or less in the county jail. He also alleges that the district court inappropriately speculated on the cause of the crime when the court stated that there might be "something underlying here that just maybe perhaps hasn't come forward." The record demonstrates that the district court did not abuse its discretion in sentencing Ashmore to prison in lieu of some lesser sentence. While the presentence investigation report and the report prepared by Utah Sentencing Alternatives both recommended a blended sentence comprised of probation and up to a year in the county jail, other evidence supported a greater sentence. For example, the nature of the relationship between Ashmore and the victim and Ashmore's choking of the victim in order to prevent her from screaming both weighed in favor of a greater sentence. The impact on the victim, who indicated that because of the crime she now suffers from "depression, post-traumatic stress disorder, anxiety, insomnia, disassociation, and loss of appetite," also weighed toward a greater sentence. Under the totality of the circumstances, we cannot conclude that the district court abused its discretion in sentencing Ashmore to prison. *See Valdovinos*, 2003 UT App 432, ¶ 14.

¶4 Ashmore also alleges that the district court abused its discretion by improperly relying on unsupported speculation to support its sentencing decision. Specifically, he points to the district court's statement made shortly after announcing its sentencing decision, that there must be "something underlying here that just maybe perhaps hasn't come forward." Ashmore asserts that this statement demonstrates that the district court relied on its own speculation concerning the motive behind the assault rather than the specific facts of the case to support the sentence. Ashmore unduly emphasizes the statement. Although after sentencing was complete the district court expressed its puzzlement as to the motive behind the sexual assault, it specifically noted that its sentencing decision was based upon the evidence presented and the arguments made at

the sentencing hearing. Thus, the district court did not inappropriately rely on non-relevant speculation in sentencing Ashmore to prison.

¶5     Affirmed.

_____

William A. Thorne Jr., Judge

_____

Carolyn B. McHugh, Judge

_____

Stephen L. Roth, Judge